UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY LEMMING, ANTHONY
ST. PIERRE and AMANDA KIEFEL,
on their own behalf and on behalf of those
similarly situated,

    Plaintiffs,

v.

CASE NO: 8:10-cv-1469-T-26AEP

SECURITY FORCES, INC.,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiffs' Motion for an Order Permitting Supervised Notice of this Action to Potential Opt-in Plaintiffs and Conditional Certification (Dkt. 14) and Defendant's Response. (Dkt. 17). After careful consideration of the motion and the file, the Court concludes that the motion should be granted in part and denied in part.

**STANDARD FOR CERTIFICATION OF COLLECTIVE ACTION**

In the Eleventh Circuit, there is a recommended two-tiered model for determining whether an opt-in conditional class in a collective action should be certified pursuant to 29 U.S.C. §216(b). See Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1208, 1218-19 (11th

Cir. 2001). The instant action is presently at the first tier or the "notice stage."[1] Only the pleadings, affidavits, and depositions submitted may be used to make the determination of whether a conditional class should be certified. Hipp, 252 F.3d at 1218; see also Grayson v. K-Mart Corp., 79 F.3d 1086, 1099 (11th Cir. 1996). In some cases in which the affidavits from opposing sides are more detailed and extensive, the courts have considered, without making any credibility determinations, that sufficient evidence was presented to significantly limit or even deny certification of a class, even at the "notice" stage. See, e.g., West v. Verizon Commc'ns, Inc., No. 8:08-cv-1325-T-33MAP, 2009 WL 2999181 (M.D. Fla. Jul. 29, 2009); Tyler v. Payless Shoe Source, Inc., No. 2:05-cv-33F(WO), 2005 WL 3133763, at *7 (M.D. Ala. Nov. 23, 2005); Holt v. Rite Aid Corp., 333 F.Supp.2d 1265, 1274 (M.D. Ala. 2004) (citing additional cases).

Two factors must be present to certify a collective action: (1) a sufficient number of plaintiffs who desire to proceed; and (2) similarly-situated plaintiffs with respect to their jobs and pay. See Dybach v. State Dep't of Corr., 942 F.2d 1562, 1567-68 (11th Cir. 1991). The number of plaintiffs necessary to demonstrate a desire to opt in is not many, sometimes as few as two, three, or four. See, e.g., Brooks v. A. Rainaldi Plumbing, Inc., 2006 WL 3544737 (M.D. Fla. Dec. 8, 2006) (reflecting that "even a single affidavit or consent to join" submitted by one other potential plaintiff is sufficient, citing Guerra v.

---

[1] The second tier occurs at a later time when extensive discovery has been conducted, and is often referred to as the decertification stage. Hipp, 252 F.3d at 1218.

Big Johnson Concrete Pumping, Inc., No. 05-14237-CIV, 2006 WL 2290512 (S.D. Fla. May 17, 2006)); Tyler, 2005 WL 3133763, at *3 (finding sufficient plaintiff and three other potential plaintiffs). Section 216(b)'s requirement that the employees be "similarly situated" is not considered to be a very stringent standard, but rather a "fairly lenient" one. See Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1243 n. 2 (11th Cir. 2003) (quoting Hipp, 252 F.3d at 1218-19). "Similarly situated" means that the employees' jobs and pay provisions must be similar, although need not be identical. Dybach, 942 F.2d at 1567-68. The standard that must be employed in deciding whether to certify a conditional class is a discretionary one. Tyler, 2005 WL 3133763 (citing Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989); Hipp; and Haynes v. Singer Co., 696 F.2d 884, 886 (11th Cir. 1983)).

## RELEVANT FACTS

Defendant is a corporation that provides security services in many different forms to 464 clients in twelve states. Plaintiffs contend that Defendant maintains a nationwide policy requiring employees to report to work early on a regular basis for additional safety training, for which time they are not compensated for overtime. Defendant's vice president of operations, Steve Almy, however, avers that the requirement of reporting early for safety training occurred only in the Progress Energy Power Plant in Bartow (Bartow Power Plant) and does not and did not occur nationwide. The Bartow Power Plant is unique, according to Defendant, in that it must adhere to governmental

regulations that other clients and locations do not. Defendant maintains that the employees nationwide are not similarly situated to each other because each client and even each location with respect to any one client, is unique in the job responsibilities, the pay of the employees, and the existence of varying regulatory requirements. The Bartow Power Plant, like none other, must follow safety measures under the Maritime Transportation Security Act of 2002. Defendant avers and attaches evidence that to the extent one supervisor may have been requiring the employees to report early in the Bartow Power Plant, the company ceased this practice and compensated the employees for any non-payment of overtime.[2]

## ANALYSIS

The parties do not disagree that a sufficient number of potential plaintiffs have expressed a desire to opt-in to the conditional class. The issue in this case focuses solely on whether the members of the proposed nationwide class are "similarly situated." Plaintiffs seek to certify as a class all current and former security guards who work or worked for Defendant at any time since July 6, 2007, and who are or were required to report prior to their scheduled shift but did not receive proper payment for overtime.

The Court finds that in this case, although discovery may not have been extensive at this time which is six months into the case, the opposing affidavits divulge sufficiently

---

[2] Defendant notes that none of the employees have cashed these checks for the computed overtime.

detailed facts with which a more informed decision can be made at this juncture. The presence of more extensive evidence, in contrast to the bare-boned minimum for conditional certification, permits this Court to conduct a less lenient review of the facts, even though perhaps not much, if any, discovery has occurred. Holt, 333 F.Supp.2d at 1274. Thus, the Court will examine the affidavit and attachments to Mr. Almy's affidavit. In doing so, the Court is not weighing the evidence or accepting the Defendant's submissions over the Plaintiffs'.

Plaintiffs need not show a policy of requiring employees to show up early for security training in order for conditional certification. Nevertheless, Plaintiffs assert that Defendant has a company policy requiring its security guards to report to their respective shifts ten to fifteen minutes early to perform work-related duties for which they are not compensated for overtime. Defendant's affidavit of Steve Almy, the vice president of operations since 1993, wholly and convincingly refutes the existence of any such company policy. After establishing that the Bartow Power Plant is a unique location with exclusive regulatory requirements applicable after September 11, 2001, Mr. Almy explains that all personnel and contractors must participate in daily safety briefing and screening by the Transportation Security Administration. Mr. Almy confirms that the Bartow location is the only one with these additional requirements and hence, it is unique.

Not only is the location unique, but the job responsibilities at the Bartow Power Plant are also unique to the Bartow Power Plant. For example, in the Bartow Power

Plant, the security guards must be fully aware of any potential security threats or procedural changes, while in the Crystal River Nuclear Power Plant, the security guards employed by Defendant simply guard specific doors at a construction location. This example illustrates some of the differences between the job responsibilities at all of the Defendant's 464 client locations. Another example can be found in a chicken plant at which the security officers actually weigh the chickens as part of their job. Even apart from the various job responsibilities, all of the locations do not share the same methods of time tracking.

Mr. Almy admits that there are two other clients that request the security guards report early at specific locations: one in Charlotte, North Carolina, and a Progress Energy PEB building in St. Petersburg, Florida. In both of these locations, the officers are paid overtime. There are a finite number of employees at the Bartow Power Plant at issue who were affected by the policy of arriving early.[3] The Court finds, therefore, that Defendant's evidence has overcome Plaintiffs' submissions that a nationwide conditional class should be certified. Having made this determination, the Court concludes that a conditional class of only the employees who were affected by the requirement that they report early for their shift at the Bartow Power Plant without overtime compensation, may be notified.

---

[3] Mr. Almy also avers, however, that senior management learned of the overtime problems and issued checks to the affected employees. None of these employees have cashed the checks.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Plaintiffs' Motion for an Order Permitting Supervised Notice of this Action to Potential Opt-in Plaintiffs and Conditional Certification (Dkt. 14) is granted in part and denied in part.

(2) Plaintiffs are authorized to give notice of this lawsuit to all current and former employees who have held an affected position at the Bartow Progress Energy Plant during the three years preceding the filing of this lawsuit, in a form to be approved by this Court.

(3) The parties shall meet and confer regarding the content of the proposed Notice and Consent forms. On or before December 27, 2010, the parties shall submit an agreed-upon proposed Notice and Consent forms. If the parties are unable to agree, Plaintiffs shall file with the Court their proposed forms by December 27, 2010. Defendant may file objections to the forms within ten days of Plaintiffs' filing the forms. The parties shall address the appropriate deadline for the filing of consents by potential opt-in plaintiffs.

**DONE AND ORDERED** at Tampa, Florida, on December 6, 2010.

>    *s/Richard A. Lazzara*
> **RICHARD A. LAZZARA**
> **UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record